# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME PEREA,<br><br>              Petitioner,<br><br>         v.<br><br>IMPERIAL COUNTY,<br><br>              Respondent. | Civil No.   10-1565 WQH (RBB)<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE AND WITH LEAVE TO AMEND** |

On July 23, 2010, Petitioner, proceeding pro se, paid the $5.00 filing fee and submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. After reviewing the petition, the Court construed it as one filed pursuant to 28 U.S.C. § 2254 and dismissed the petition without prejudice and with leave to amend because Petitioner had failed to name a proper respondent. (*See* Order dated Sept. 21, 2010 [doc. no. 4].) Petitioner was given until November 15, 2010, to file a First Amended Petition that cured the pleading deficiencies outlined in the Court's Order. (*Id.*)

On September 30, 2010, Petitioner filed a document which the Court construed as a First Amended Petition, and which has now become the operative pleading in this case. (*See* doc. no. 6.)

/ / /

/ / /

/ / /

**FAILURE TO USE PROPER FORM**

Additionally, a Petition for Writ of Habeas Corpus must be submitted in accordance with the Local Rules of the United States District Court for the Southern District of California. *See* Rule 2(c), 28 U.S.C. foll. § 2254. In order to comply with the Local Rules, the petition must be submitted upon a court-approved form and in accordance with the instructions approved by the Court. Presently, Petitioner has submitted an application for writ of habeas corpus on a non-approved form.

**FAILURE TO NAME PROPER RESPONDENT**

Review of the Petition reveals that Petitioner has again failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez,* 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id.*

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id.* "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id.* (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A long standing rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the Director of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "Imperial County," as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Director of the California Department of Corrections. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam).

## **FAILURE TO ALLEGE EXHAUSTION OF STATE JUDICIAL REMEDIES**

Further, habeas petitioners who wish to challenge either their state court conviction or the length of their confinement in state prison, must first exhaust state judicial remedies. 28 U.S.C. § 2254(b), (c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Ordinarily, to satisfy the exhaustion requirement, a petitioner must "fairly present[] his federal claim to the highest state court with jurisdiction to consider it . . . or . . . demonstrate[] that no state remedy remains available. *Johnson v. Zenon*, 88 F.3d 828, 829 (9th Cir. 1996) (citing *Picard v. Connor*, 404 U.S. 270, 275 (1971); *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). Moreover, to properly exhaust state court remedies a petitioner must allege, <u>in state court</u>, how one or more of his or her federal rights have been violated. For example, "[i]f a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him [or her] the <u>due process of law guaranteed by the Fourteenth Amendment</u>, he [or she] must say so, not only in federal court, but in state court." *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)(emphasis added).

Nowhere on the Petition does Petitioner allege that he raised his claims in the California Supreme Court. If Petitioner has raised his claims in the California Supreme Court he must so specify.

Further, the Court cautions Petitioner that under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) a one-year period of limitation shall apply to a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

///

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2244(d)(1)(A)-(D) (West Supp. 2002).

The statute of limitations does not run while a properly filed state habeas corpus petition is pending. 28 U.S.C. § 2244(d)(2); *see Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999). *But see Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (holding that "an application is 'properly filed' when its delivery and acceptance [by the appropriate court officer for placement into the record] are in compliance with the applicable laws and rules governing filings."). However, absent some other basis for tolling, the statute of limitations does run while a federal habeas petition is pending. *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001).

Rule 4 of the Rules Governing Section 2254 Cases provides for summary dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court . . ." Rule 4, 28 U.S.C. foll. § 2254. Here, it appears plain from the Petition that Petitioner is not presently entitled to federal habeas relief because he has not alleged exhaustion of state court remedies.

## **CONCLUSION**

For all the foregoing reasons, the Court **DISMISSES** this case without prejudice and with leave to amend. If Petitioner wishes to pursue this case, he must, **no later than December 6, 2010**, file a Second Amended Petition that cures the pleading deficiencies outlined in this Order.

/ / /

/ / /

/ / /

/ / /

1 | **THE CLERK OF COURT IS DIRECTED TO MAIL PETITIONER A BLANK SECOND**
2 | **AMENDED PETITION FORM TOGETHER WITH A COPY OF THIS ORDER.**
3 | **IT IS SO ORDERED.**

 DATED: October 5, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge