1
2
3
4
5
6
7
8
9                    **UNITED STATES DISTRICT COURT**

10                   **SOUTHERN DISTRICT OF CALIFORNIA**

11   JAIME TAPIA PEREA,                  Civil No.   10cv1565 RBB

12                     Petitioner,
                                        **ORDER DENYING MOTION TO DISMISS**
13                                       **PETITION FOR WRIT OF HABEAS**
                                         **CORPUS**
14   vs.

15

16

17   SHERIFF RAY LOERA, et al.,

                       Respondents.
18

19   **I.    INTRODUCTION**

20        Petitioner Jaime Tapia Perea has filed a Second Amended

21   Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254,

22   challenging his conviction for second degree burglary in Imperial

23   County Superior Court case number JCF22575.  (Second Am. Pet. 1,

24   ECF No. 9.[1])  Respondent has filed a Motion to Dismiss Second

25   Amended Petition, arguing that it was filed beyond the statute of

26   / / /

27   _____

28        [1] Because Perea has attached additional pages to his Second Amended
     Petition, the Court will cite this document using the page numbers assigned by
     the Court's electronic filing system.

1   limitations and is unexhausted.  (Mot. Dismiss 1-2, ECF No. 12; <u>id.</u>
2   Attach. #1 Mem. P. & A. 2-9.)

3        The Court has considered the Second Amended Petition,
4   Respondent's Motion to Dismiss and Memorandum of Points and
5   Authorities in Support of the Motion to Dismiss, Petitioner's
6   Opposition to the Motion, the lodgments submitted by Respondent,
7   and all other supporting documents submitted by the parties.  For
8   the reasons set forth below, the Motion to Dismiss is **DENIED.**

9   **II.   FACTUAL AND PROCEDURAL BACKGROUND**

10       Perea pleaded no contest to second degree burglary on October
11  20, 2008.  (<u>See</u> Lodgment No. 1, <u>People v. Perea</u>, No. JCF22575
12  (Imperial Super. Ct. Oct. 20, 2008) (plea of guilty/no contest --
13  felony).)  On November 19, 2008, he was sentenced in accordance
14  with the plea agreement to the middle term of two years in state
15  prison, the execution of which was suspended, and placed on three
16  years of formal probation.  (<u>Id.</u> (superior court minutes, Nov. 19,
17  2008).)  As conditions of probation, Perea was ordered to serve
18  ninety days in the county jail and pay restitution in the amount of
19  $3,000.00.  (<u>Id.</u> at 16.)  A restitution hearing was set for
20  December 17, 2008.  (<u>Id.</u> at 17.)

21       The court minutes from the December 17, 2008 hearing reflect
22  that a memorandum from the probation department was submitted to
23  the court; Perea asked for and received a continuance of the
24  restitution hearing until January 21, 2009.  (<u>Id.</u> (superior court
25  minutes, Dec. 17, 2008).)  Another continuance of the restitution
26  hearing was granted on January 21, 2009; the continued hearing was
27  set for March 5, 2009.  (<u>Id.</u> (superior court minutes, Jan. 21,
28  2009).)

On March 5, 2009, the superior court noted it had received a "court order filed on 3/2/09, in defendant's habeas writ proceeding in Superior Court case EHC01114 . . . ." (Id. (superior court minutes, Mar. 5, 2000).)  The order reads as follows:

> Petitioner initiated this action by a petition filed January 15, 2009.  Petitioner seeks to withdraw a plea of no contest entered in this court on October 20, 2008 in case No. JCF 22575.  Petitioner alleges perjury by the victim.
>
> Petitioner was sentenced pursuant to his plea on November 10, 2008.  A restitution hearing is scheduled for March 11, 2009 at the jail division of this Court.
>
> The Court finds that petitioner has failed to make out a *prima facie* showing of entitlement to relief under habeas corpus law.  For that reason, the petition is DENIED.
>
> The matter is referred to the trial court for a determination as to whether the petition may be treated as a motion pursuant to Penal Code section 1118.

(See Second Am. Pet. Attach. #1, Ex. C (order denying petition at 1-2), ECF No. 9.)  The court calendared Perea's case for March 11, 2009, and set a "Review of Defendant's Plea" and "Restitution Hearing."  (Lodgment No. 1, People v. Perea, No. JCF22575 (superior court minutes, Mar. 11, 2009).)  Counsel was appointed for Perea, and the case was continued until April 15, 2009.  (Id.)

At the April 15, 2009, hearing, Perea was appointed a new attorney who was to determine whether there was any legal basis for Perea to withdraw his plea.  (Id. (superior court minutes, Apr. 15, 2009).)  The matter was continued to May 13, 2009, for a "Restitution (evidentiary) Hearing and Review of Defendant's Plea." (Id.)  On that date, it was continued again until May 27, 2009. (Id. (superior court minutes, May 13, 2009).)  Because a witness was unavailable for the May 27, 2009 hearing, the matter was reset

1  for June 10, 2009.  (Id. (superior court minutes, May 27, 2009).)
2  At the hearing, Perea's counsel told the court he had found no
3  grounds upon which to move to withdraw Perea's plea.  (Id.
4  (superior court minutes, June 10, 2009).)  The prosecutor and
5  defendant reached an agreement to reduce the amount of restitution;
6  the court accepted the stipulation and ordered restitution in the
7  amount of $300.00.  (Id.)  The court modified the November 19, 2008
8  minutes to reflect the change.  (Id.)

9      Petitioner did not file a direct appeal, but six months later,
10 on December 11, 2009, he filed a petition for writ of habeas corpus
11 in the California Court of Appeal for the Fourth District, Division
12 One.  (Lodgment No. 2, Perea v. County of Imperial, No. D056411
13 (Cal. Ct. App. filed Dec. 11, 2009) (petition).)  The appellate
14 court denied the petition in a written, unpublished opinion filed
15 December 23, 2009.  (Lodgment No. 3, In re Perea, No. D056411, slip
16 op. (Cal. Ct. App. Dec. 23, 2009).)  Perea then attempted to file a
17 petition for review of the appellate court's decision with the
18 California Supreme Court.  That document was rejected by the court
19 as untimely.  (Second Am. Pet. Attach. #1, Ex. 15, ECF No. 9.))

20     Perea filed a Petition for Writ of Habeas Corpus pursuant to
21 28 U.S.C. § 2241 in this Court on July 23, 2010.  (See Pet., ECF
22 No. 1.)  The Court construed the Petition as one filed pursuant to
23 28 U.S.C. § 2254 because Perea sought to challenge the validity of
24 his state court conviction.  (Order Construing Pet. 1-2, ECF No. 4;
25 see White v. Lambert, 370 F.3d 1002, 1006-07 (9th Cir. 2004)
26 (holding that § 2254 is the proper jurisdictional basis for a
27 habeas petition brought by an individual "in custody pursuant to a
28 state court judgment").  Petitioner failed to name a proper

respondent.  (See id. at 2-3.)  The Court dismissed the case
without prejudice and with leave to amend, giving Perea until
November 15, 2010, to file a First Amended Petition.  (Id. at 3.)

On September 23, 2010, Petitioner filed a document which the
Court construed as a First Amended Petition.  (See First. Am. Pet.,
ECF No. 6.)  The Court again dismissed the case without prejudice
and with leave to amend because Perea had failed to use the proper
form, name the proper respondent, and allege exhaustion of his
claims.  (See Order Dismissing Case Without Prejudice 1-5, ECF No.
7.)  Petitioner was given leave to file a Second Amended Petition.
(Id. at 4.)

Perea submitted a Second Amended Petition, which was filed
nunc pro tunc to the date received, December 7, 2010.  (Second Am.
Pet., ECF No. 9); see Houston v. Lack, 487 U.S. 266, 276 (1988)
(holding that a notice of appeal by a pro se prisoner is deemed
filed when the prisoner delivers it to prison authorities for
forwarding to the court); Anthony v. Cambra, 236 F.3d 568, 575 (9th
Cir. 2000) (applying the Houston mailbox rule to pro se prisoners'
federal habeas petitions).  The Court issued an order setting a
briefing schedule, notifying Respondents of Petitioner's consent to
magistrate judge jurisdiction, and directing Respondents to
indicate whether they consented to magistrate judge jurisdiction
[ECF No. 10].

On February 4, 2011, Respondent filed a Motion to Dismiss and
Memorandum of Points and Authorities in Support of Motion.  (See
Mot. Dismiss Attach. #1 Mem. P. & A. 1-9, ECF No. 12.)  Perea
submitted an opposition to the motion on February 23, 2011, which
/ / /

1    he titled a "Traverse."  (See Notice Traverse Mot. Dismiss, ECF No.

2    15.)

3        On April 4, 2011, the Court ordered Respondent to submit a

4    supplemental brief addressing two questions:

> (1) whether and why Petitioner's conviction became final
> on March 2, 2009, when the state habeas corpus petition
> he filed in the Imperial County Superior Court was
> denied, or on June 10, 2009, when Petitioner's court-
> appointed counsel determined there was no basis for the
> withdrawal of Petitioner's plea and the superior court
> modified the original restitution award . . . . and (2)
> whether and why the effective filing date of Petitioner's
> federal petition is July 23, 2010, the date of the first
> petition he filed in this Court, September 23, 2010, the
> date the First Amended Petition was filed, or December 6,
> 2010, the date the Second Amended Petition was filed.

12   (See Order Directing Resp'ts 3, Apr. 4, 2011, ECF No. 17.)

13   Respondent Loera consented to magistrate judge jurisdiction.  (See

14   Notice, Consent & Reference 1, ECF No. 18.)  The Respondent filed a

15   Supplemental Brief on April 14, 2011.  (Resp't's Supplemental Br.,

16   ECF No. 19.)  Although not provided for, Perea filed an Opposition

17   to Respondent's Supplemental Brief [ECF No. 20].

18   **III.  DISCUSSION**

19       Respondent argues that Perea's Petition is both untimely and

20   unexhausted.  (Mot. Dismiss Attach. #1 Mem. P. & A. 2–9, ECF No.

21   12.)  For the reasons set forth below, the Court concludes the

22   Petition is timely under 28 U.S.C. § 2244(d)(1) and is exhausted.

23   Accordingly, the Motion to Dismiss is **DENIED**.

24       A.   Timeliness

25       Under 28 U.S.C. § 2244(d), a petitioner has one year from the

26   date his or her conviction is final to file a petition for writ of

27   habeas corpus in federal court pursuant to 28 U.S.C. § 2254.  See

28   28 U.S.C. § 2244(d) (West 2006).  The statute of limitations,

however, is subject to both statutory and equitable tolling.  <u>See</u> 28 U.S.C. § 2244(d)(1); <u>Holland v. Florida</u>, __ U.S. __, 130 S.Ct. 2549, 2560 (2010).

1.  <u>Effective Filing Date of the Petition in Federal Court</u>

Respondent contends that the effective filing date for purposes of AEDPA's statute of limitations is December 6, 2010, when Petitioner constructively filed his Second Amended Petition. (<u>See</u> Mot. Dismiss Attach #1 Mem. P. & A. 5-6, ECF No. 12.)  When a district court has expressly or impliedly retained jurisdiction over an action, however, the amended petition relates back to the filing date of the original petition.  <u>See</u> <u>Henry v. Lungren</u>, 164 F.3d 1240, 1241 (9th Cir. 1999) (citing former Fed. R. Civ. P. 15(c)(2); <u>Ramirez-Salgado v. Scribner</u>, No. 08cv562 WQH (WMc), 2009 WL 211117, at *7 (S.D. Cal. Jan. 22, 2009).

Petitioner submitted his original federal habeas Petition on July 22, 2010.  (<u>See</u> Pet., ECF No. 1.)  Although Perea used a 28 U.S.C. § 2241 form, the Petition challenged the validity of Perea's state court conviction and was construed as one filed pursuant to 28 U.S.C. § 2254.  (<u>See</u> Order Construing Petition 1-2, Sept. 21, 2010, ECF No. 4.)  The case was dismissed without prejudice and with leave to file a First Amended Petition.  (<u>Id.</u> at 2.)

Petitioner filed a First Amended Petition.  (<u>See</u> Notice Doc. Discrepancy 1, ECF No. 5; First Am. Pet., ECF No. 5.)  It was also dismissed without prejudice and with leave to amend; Perea was given until December 6, 2010, to file a Second Amended Petition. (<u>See</u> Order Dismissing Case 4, ECF No. 7.)  On December 6, 2010, Petitioner mailed his Second Amended Petition to the Court, which

1  was filed nunc pro tunc to the date received, December 7, 2010.

2  (See Second Am. Pet, ECF No. 9.)

3      Each time Perea's habeas petition was dismissed, the Court

4  expressly retained jurisdiction.  In addition, the claims Perea

5  raises in his Second Amended Petition were included in the original

6  Petition filed on July 22, 2010.  (Compare Pet., ECF No. 1, with

7  Second Am. Pet., ECF No. 9.)  Accordingly, the Second Amended

8  Petition relates back to the Petition Perea filed on July 22, 2010,

9  and that is the operative filing date in federal court.

10              2.  Commencement of the Statute of Limitations

11      This Court must determine when AEDPA's statute of limitations

12  began running.  When a defendant does not appeal his conviction,

13  the statute of limitations begins to run sixty days after the time

14  for seeking review of the conviction has expired.  Roberts v.

15  Marshall, 627 F.3d 768, 771 (9th Cir. 2010) (citing 28 U.S.C.

16  § 2244(d)(1)(A) and Cal. R. Ct. 8.308(a)).  Respondent argues that

17  Perea's conviction became final on January 18, 2009, sixty days

18  after he was sentenced on November 19, 2008.  (Mot. Dismiss Attach.

19  #1 Mem. P. & A. 3-4, ECF No. 12.)  Perea contends that the state

20  trial court resolved the amount of restitution and the withdrawal

21  of his no-contest plea on June 10, 2009, so his conviction did not

22  become final until sixty days later.  (Notice Traverse Mot. Dismiss

23  2-5, ECF No. 15.)  Under Perea's calculation, the statute of

24  limitations did not begin running until August 10, 2009.[2]

25  / / /

26

27      [2] Petitioner states his conviction became final on August 9, 2009, a
    Sunday.  Therefore, under Perea's calculation, the actual date the conviction
28  became final is August 10, 2009, the following Monday.  See Fed. R. Civ. Pro.
    6(a)(1)(C).

In California, "an order granting probation is deemed to be a final judgment for the limited purpose of taking an appeal therefrom." People v. Vournazos, 198 Cal. App. 948, 952, 244 Cal. Rptr. 82, 84 (1988). The determination of restitution can also affect when a conviction is final. In Vournazos, the defendant was granted probation on March 5, 1986, and, as a condition thereof, ordered to pay restitution "through the probation officer in such amount and manner as the latter prescribed." Id. at 952, 244 Cal. Rptr. at 84. A supplemental hearing regarding restitution was set for October 24, 1986. Id. At the hearing, the trial court fixed the amount of restitution and ordered Vournazos to pay the amount through his probation officer. The appellate court stated, "[T]he judgment in effect was not a final judgment until the details of the restitution were supplied by the order of October 24, 1986." Id. at 953, 244 Cal. Rptr. at 85. An appeal before that order would have been premature. Id.

Perea's case is similar to Vournazos. Although the judge set restitution in the amount of $3,000.00 at the November 19, 2008 sentencing hearing, the matter was also set for a restitution hearing on December 17, 2008. (Lodgment No. 1, People v. Perea, No. JCF22575 (superior court minutes, Nov. 19, 2008).) The hearing was continued. (Id. (superior court minutes, Dec. 17, 2008).) The restitution hearing was continued additional times, at least twice because witnesses were unavailable. (Id. (superior court minutes, May 13, 2009).)

On June 10, 2009, the amount of restitution and whether to permit Perea to withdraw his no-contest plea were resolved. The prosecutor and defendant counsel stipulated to restitution in the

amount of $300.00, reduced from $3,000.00.  The court accepted the

stipulation and modified the restitution amount.  (<u>Id.</u> (superior

court minutes, June 10, 2009).)  The amount of restitution Perea

would pay was at issue from November 19, 2008, until June 10, 2009.

On January 15, 2009, while awaiting his restitution hearing,

Perea filed a state habeas corpus petition seeking to withdraw the

no-contest plea he entered on October 20, 2008.  (<u>See</u> Second Am.

Pet. Attach. #1, Ex. C (order denying petition at 1-2), ECF No. 9.)

The superior court denied Perea's petition and referred the matter

back to the trial judge to determine "whether the petition may be

treated as a motion pursuant to Penal Code section 1118 [sic]."

(<u>Id.</u> at 11.)  Penal Code § 1118, however, does not apply to motions

to withdraw a plea.  The section is titled, "Trial by court without

jury; entry of judgment of acquittal upon not guilty finding."

Cal. Penal Code § 1118 (West 2004).  It provides as follows:

> In a case tried by the court without a jury, a jury
> having been waived, the court on motion of the defendant
> or on its own motion shall order the entry of a judgment
> of acquittal of one or more of the offenses charged in
> the accusatory pleading after the evidence of the
> prosecution has been closed if the court, upon weighing
> the evidence then before it, finds the defendant not
> guilty of such offense or offenses.  If such a motion for
> judgment of acquittal at the close of the evidence
> offered by the prosecution is not granted, the defendant
> may offer evidence without first having reserved that
> right.

<u>Id.</u>

The citation to section 1118 appears to be in error.  First,

the section applies to court trials, not to pleas of no contest.

Perea filed his state habeas petition to withdraw a no-contest

plea.  It is clear that the state court intended to refer to Penal

Code section 1018, which applies to motions made by a defendant to

withdraw a plea.  That statute reads, in pertinent part, as

follows:

> On application of the defendant at any time before
> judgment or within six months after an order granting
> probation is made if entry of judgment is suspended, the
> court may, and in case of a defendant who appeared
> without counsel at the time of the plea the court shall,
> for a good cause shown, permit the plea of guilty to be
> withdrawn and a plea of not guilty substituted.

Cal. Penal Code § 1018 (West 2008); see also People v. Ramirez, 141

Cal. App. 4th 1501, 1505-06, 47 Cal. Rptr. 3d 272, 275 (2006)

(applying Penal Code section 1018 to pleas of no contest).

The trial judge understood his task was to determine whether

Petitioner should be able to withdraw his plea.  (See Lodgment No.

1, People v. Perea, No. JCF22575 (superior court minutes, Mar. 5,

2009).)  "Pursuant to the court order filed 3/2/09 [denying Perea's

petition], . . . this matter is calendared for Review of

Defendant's Plea on March 11, 2009 in Dept. 5 at 8:30 a.m."  (Id.)

Thus, this Court concludes that the Imperial Superior Court

intended to cite California Penal Code § 1018, and not § 1118, in

its order.

The trial judge's reference to a review of the defendant's

plea indicates that the superior court believed judgment had not

been entered or, at least, was suspended.  As noted, a motion

pursuant to Penal Code section 1018 may be made either before

judgment or within six months of an order granting probation if

entry of judgment is suspended.  Cal. Penal Code § 1018.  In

California, "[p]robation is the 'suspension of the imposition or

execution of a sentence and the order of conditional and revocable

release in the community under the supervision of a probation

officer.'"  People v. Minor, 189 Cal. App. 4th 1, 9, 116 Cal. Rptr.

3d 228, 232 (2010) (quoting California Penal Code section 1203(a).)
"When the trial court suspends imposition of sentence, no judgment
is then pending against the probationer . . . ." <u>People v. Howard</u>,
16 Cal. 4th 1081, 1087, 946 P. 2d 828, 832, 68 Cal. Rptr. 2d 870,
874 (1997).  The judge in Perea's case did not suspend imposition
of sentence, but he imposed a sentence of two years in prison and
suspended execution of that sentence. (<u>See</u> Lodgment No. 1, <u>People
v. Perea</u>, 16-17, No. JCF22575 (superior court minutes, Nov. 19,
2008).)

Even if judgment in Perea's case for purposes of AEDPA was
entered on November 19, 2008, the date Perea was sentenced, on June
10, 2009, the court modified the restitution amount and accepted
Perea's counsel's conclusion that there was no constitutional basis
to withdraw Perea's no-contest plea.  (<u>Id.</u> (superior court minutes,
June 10, 2009).)  Thus, June 10, 2009, is the date Perea's request
to withdraw his no-contest plea was denied.   In his supplemental
brief, Respondent overlooks the trial court's review of Perea's
plea and contends the modification of the restitution amount did
not change the date final judgment was entered because the court
simply modified the minutes of the November 19, 2008 sentencing.
(<u>See</u> Resp't's Supplemental Br. 4, ECF No. 19.)   Nonetheless, until
June 10, 2009, Perea's request to withdraw his no-contest plea,
originally filed as a petition for writ of habeas corpus, was
pending.  Petitioner did not appeal his November 19, 2008
sentencing or the June 10, 2009 modification of restitution and
denial of Perea's request to withdraw his plea.   Instead, on
December 11, 2009, he filed a petition for writ of habeas corpus
with the California Court of Appeal. (Lodgment No. 2, <u>Perea v.</u>

1  *County of Imperial*, No. D056411 (filed Dec. 11, 2009) (habeas

2  corpus petition).)

3      The cases cited by Respondent in support of his argument are

4  not compelling.  They concern situations where a petitioner argued

5  the statute of limitations was restarted or tolled by various post-

6  judgment actions or motions.  *See* *Caldwell v. Dretke*, 429 F.3d 521,

7  529 (5th Cir. 2005) (holding a grant of probation is final when

8  pronounced, not when it is revoked and an appeal from that

9  revocation is dismissed); *Lozano v. Frank*, 424 F.3d 554, 555-56

10  (7th Cir. 2005) (concluding that a motion for modification of

11  sentence filed almost eight years after the state supreme court

12  denied Lozano's petition for review did not "reset" AEDPA's statute

13  of limitations and was not part of the direct review process);

14  *Bethea v. Girdich*, 293 F.3d 577, 578 (2d Cir. 2002) (holding that a

15  motion to extend time to file state appeal does not "restart"

16  AEDPA's statute of limitations); *Gibson v. Klinger*, 232 F.3d 799,

17  804 (10th Cir. 2000) (finding that no statutory tolling applies for

18  the gap period between when the time for appeal has expired and

19  when the state appellate court granted a motion to file a late

20  appeal because nothing was "pending" before a state court).

21      Considering all the evidence in the record, the Court

22  concludes that the June 10, 2009 order denying Perea's motion to

23  withdraw his no-contest plea and reducing his restitution amount

24  was a final judgment for purposes of 28 U.S.C. § 2244(d)(1).

25  Perea's conviction became final sixty days after June 10, 2009, or

26  on August 10, 2009.[3]  Absent any statutory or equitable tolling,

27

28      [3] As previously noted, sixty days from June 10, 2009, is August 9, 2009, which is a Sunday.  Thus, pursuant to Fed. R. Civ. Pro. 6(a)(1)(C), the sixty days ran out on August 10, 2009, the following Monday.

1   Perea had until August 10, 2010, to file his federal habeas

2   petition.  28 U.S.C. § 2244(d); <u>Patterson v. Stewart</u>, 251 F.3d

3   1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil

4   Procedure 6(a), which states "[i]n computing any period of time

5   prescribed . . . by any applicable statute, the day of the act,

6   event, or default from which the designated period of time begins

7   to run shall not be included" to AEDPA).  Perea filed his Petition

8   in this Court on July 22, 2010.  Accordingly, it was timely.

9   Respondent's Motion to Dismiss on the ground that the Petition is

10  untimely is **DENIED**.

11       B.   <u>Exhaustion</u>

12       Habeas petitioners who wish to challenge either their state

13  court conviction or the length of their confinement in state

14  prison, must first exhaust state judicial remedies.  28 U.S.C.A.

15  § 2254(b), (c) (West 2006); <u>Granberry v. Greer</u>, 481 U.S. 129, 133-

16  34 (1987).  Ordinarily, to satisfy the exhaustion requirement, a

17  petitioner must "'fairly present[]' his federal claim to the

18  highest state court with jurisdiction to consider it, or . . .

19  demonstrate[] that no state remedy remains available." <u>Johnson v.</u>

20  <u>Zenon</u>, 88 F.3d 828, 829 (9th Cir. 1996) (citations omitted).

21  Moreover, to properly exhaust state court remedies a petitioner

22  must allege, in state court, how one or more federal rights have

23  been violated.  For example, "[i]f a habeas petitioner wishes to

24  claim that an evidentiary ruling at a state court trial denied him

25  the due process of law guaranteed by the Fourteenth Amendment, he

26  must say so, not only in federal court, but in state court." <u>See</u>

27  <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995).

28  / / /

Respondent argues the Petition must be dismissed because the claims it contains are unexhausted. (Mot. Dismiss Attach. #1 Mem. P. & A. 12–14, ECF No. 12.) On January 22, 2010, Perea attempted to file a petition for review of the order denying the habeas corpus petition he filed in the California appellate court. (See Second Am. Pet. 15, ECF No. 9.) The California Supreme Court rejected the petition as untimely. (Id.)

A claim is considered to be exhausted "if it is clear that the claims are now procedurally barred under [state] law." Gray v. Netherland, 518 U.S. 152, 162 (1996); Valerio v. Crawford, 306 F.3d 742, 770 (9th Cir. 2002) (stating that a claim may be considered exhausted if it is obviously procedurally barred). Here, no state remedy is available to Petitioner because were he to return to state court, his claims would be procedurally barred as untimely. See In re Robbins, 18 Cal. 4th 770, 784, 959 P.2d 311, 320, 77 Cal. Rptr. 153, 162 (1998); In re Clark, 5 Cal. 4th 750, 759, 855 P.2d 729, 734, 21 Cal. Rptr. 2d 509, 514 (1993); see also Walker v. Martin, __ U.S. __, 131 S. Ct. 1120, 1131 (2011) (holding that California's timeliness rule is clearly established and consistently applied). Accordingly, the Court **DENIES** Respondent's Motion to Dismiss on the ground that Perea's claims are unexhausted.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1    **IV.    CONCLUSION**

2         For the foregoing reasons, the Court concludes Perea's

3    petition is both timely and technically exhausted.   Respondent's

4    Motion to Dismiss is hereby **DENIED**.

5    **DATED:** June 13, 2011

6                                        _____
                                             Hon. Ruben B. Brooks

7                                        **UNITED STATES MAGISTRATE JUDGE**