UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAIME TAPIA PEREA,<br><br>         Plaintiff,<br><br>v.<br><br>RAY LOERA, Sheriff,<br><br>         Defendants. | Civil No. 10CV1565 RBB<br><br>ORDER DENYING MOTION TO RECONSIDER AND/OR (COA) CERTIFICATE OF APPEAL [ECF NO. 48] |

   Petitioner Jaime Perea, proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on July 23, 2010 [ECF No. 1]. A Second Amended Petition for Writ of Habeas Corpus was subsequently filed nunc pro tunc to December 7, 2010 [ECF No. 9]. On February 4, 2011, Respondent filed a Motion to Dismiss Second Amended Petition, which the Court denied [ECF Nos. 12, 21]. An Answer was filed on June 27, 2011, and Perea filed his Response to Answer on August 11, 2011 [ECF Nos. 23, 24].

   Petitioner then filed a series of motions. He filed a "Motion in General;" followed by a document with the title "Motion of Defense;" and he submitted another document that was filed

1  nunc pro tunc to February 16, 2012, and was captioned "Motion to
2  Inform" [ECF Nos. 26, 29, 32].
3      On May 17, 2012, this Court issued an Order Denying (1)
4  Petitioner's Second Amended Petition for Writ of Habeas Corpus
5  [ECF No. 9], (2) Petitioner's Motion in General [ECF No. 26], (3)
6  Petitioner's Motion of Defense [ECF No. 29], (4) Petitioner's
7  Motion to Inform (ECF No. 32], and Declining to Issue Certificate
8  of Appealability.  (Order Den. Pet'r's Second Am. Pet., ECF No.
9  40.)  A corresponding judgment was entered the same day [ECF No.
10 41].
11     Perea next filed a Motion for Extension of Time to seek
12 reconsideration [ECF No. 46].  The Court granted the request and
13 directed Petitioner to file any motion to reconsider by July 23,
14 2012.  (Order Granting Pet'r's Mot. Extension 1, ECF No. 47.)  The
15 deadline passed.  Nevertheless, on August 27, 2012, Perea filed a
16 document entitled, Motion to Reconsider and/or (COA) Certificate
17 of Appeal [ECF No. 48].  The Clerk of the Court construed this
18 document as a Notice of Appeal together with a Motion for
19 Certificate of Appealability [ECF Nos. 48-50].  Language in
20 Perea's Motion supports this conclusion.  There, among other
21 things, Perea states, "The pendency of an appeal does not effect
22 [sic] the District Court[']s power to grant (Rule, 60, relief)."
23 (Mot. Reconsider and/or (COA) Certificate of Appeal 3, ECF No.
24 48.)  In his Motion, id., he also cites Green v. Mazzucca, 377
25 F.3d 182, 183 (2d Cir. 2004).  Green held that a court "may
26 construe the filing of a notice of appeal as a request for a
27 [certificate of appeal] 'on all issues raised in the appeal.'"
28

Green, 377 F.3d at 183 (quoting Cotto v. Herbert, 331 F.3d 217, 236 (2d Cir. 2003); Fed. R. App. P. 22(b)(2)).

The United States Court of Appeals for the Ninth Circuit has assigned docket number 12-56578 to Perea's appeal [ECF No. 51]. "The general rule is that a timely notice of appeal will divest a district court of jurisdiction over the action, including divesting a district court of the power to grant a Rule 60(b) motion . . . ." 12 James Wm. Moore et al., Moore's Federal Practice § 60.67[1], at 60-229 (3d. ed. 2012) (footnote omitted) (citation omitted); see Lewis v. Alexander, 987 F.2d 392, 394 (6th Cir. 1993) ("[T]he district court loses jurisdiction over an action once a party files a notice of appeal, and jurisdiction transfers to the appellate court."). Similarly, Rule 62.1(a) of the Federal Rules of Civil Procedure states that "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may:  (1) defer considering the motion; [or] (2) deny the motion . . . ."  Fed. R. Civ. P. 62.1(a).

Even if Perea's filing is treated as a combined notice of appeal and motion for reconsideration, it is a deficient motion. Local Rule 7.1(i) provides:

> Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and what

1   judge the application was made, (2) what ruling or
    decision or order was made thereon, and (3) what new or
2   different facts and circumstances are claimed to exist
    which did not exist, or were not shown, upon such prior
3   application.

4  S.D. Cal. Civ. R. 7.1(i)(1).  To the extent Perea's filing is

5  considered a motion for reconsideration, he has not complied with

6  Local Rule 7.1(i).

7       Because an appeal is pending, this Court lacks jurisdiction

8  to rule on Perea's Motion.  In any event, Petitioner has not

9  complied with local rules and shown a basis for granting a motion

10 for reconsideration.  For all these reasons, the Motion is **DENIED**

11 [ECF No. 49].

12
   DATED   October 4, 2012                _____
13                                         Ruben B. Brooks
                                           United States Magistrate Judge
14

15 cc:
   All Parties of Record
16